UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BLACK & WHITE INVESTMENTS, LLC,
et al.,

        Plaintiffs,

        v.                             CASE NO. 1:21-CV-459-HAB-JEM

FORT WAYNE CITY OF, et al.,

        Defendants.

## OPINION AND ORDER

The matters before the Court are the Motion for Default Judgment (ECF No. 128) and Motion for Clerk's Entry of Default Judgment (ECF No. 129) filed by Defendants/Counterclaimants the City of Fort Wayne and Lawrence Shine (collectively, "City Defendants"). They seek entry of default and default judgment as to their counterclaims against Plaintiffs/Counter-Defendants Black & White Investments LLC; BWI Development & Management Inc.; and Building & Impacting Communities, Inc. (collectively, "BWI"). Because Rule 55 is not the proper procedural vehicle for the relief sought, the Court denies both motions.

## DISCUSSION

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment by the Court. Fed. R. Civ. P. 55(b). "'Default' and 'default judgment' are distinct; the former involves

liability, the later [sic] determines damages."[1] *SelectSun GmbH v. Porter, Inc.*, 338 F. Supp. 3d 905, 925 n.23 (N.D. Ind. 2018).

An entry of default is essentially a ministerial action taken by the Clerk when a plaintiff shows that a defendant "failed to plead or otherwise defend." *See* Fed. R. Civ. P. 55(a); *Madison Horizon Partners, LLC v. Tower Mfg. Co.*, 2019 WL 13218314, at *2 (S.D. Ind. Dec. 6, 2019). Typically, this ministerial action is evident to the clerk from a glimpse at the docket to determine whether a defendant has appeared in the action within the requisite time frame for doing so. Here, the City Defendants attached an affidavit to their request for entry of default in which they explain that they believe an entry of default against BWI on the counterclaims is necessary because, in their view, BWI has not actively defended against the counterclaims.

Given that entry of default is ministerial in nature, the Court is confounded at how the clerk would be able to comply with its ministerial obligation and enter an entry of default in this case. Affidavits attached to the motions (ECF Nos. 128-1, 129-1) reflect that BWI filed its Answer to the counterclaims on March 15, 2022. The affidavits further demonstrate that BWI has participated throughout the litigation—albeit not to the satisfaction of the City Defendants. That said, a district court "is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Presumably, the City Defendants are asking the Court to make such a finding here. They argue that "BWI has not conducted, or attempted to conduct, one (1) deposition. BWI has not hired an expert. In spite of this Court's Order on August 14, 2025, BWI has not satisfactorily responded

---

[1] Both motions request "default judgment" which blurs the distinction between the concepts of "default" and "default *judgment*."

to the City's discovery requests." (ECF No. 129-1 ¶19). But in this Court's view, the City Defendants' dissatisfaction with BWI's defense strategy related to the counterclaims does not equate to a willful refusal to litigate them.  Indeed, use of Rule 55 is not proper where a party is actively engaged in the litigation. *See Mosher v. Clayton*, No. 23-cv-2384, 2025 WL 2817943, at *2 (S.D. Ill. Oct. 3, 2025) (finding no "willful refusal to litigate the case" where the non-moving party participated in status conferences, responded to motions, conducted discovery, and filed numerous motions). And here, the docket reflects that BWI has participated in the litigation. If BWI fails to conduct depositions or fails to hire an expert to defend against the counterclaims, it does so at its own risk. It may risk, for instance, an adverse summary judgment ruling on the counterclaims. But this Court does not see Rule 55 as the proper procedural vehicle to accomplish what the City Defendants seek under these circumstances. And to the extent they are complaining of discovery violations, their remedy lies within the discovery rules—rules which the City Defendants have availed themselves of several times already in this litigation. Indeed, there is a pending Motion for Sanctions (ECF No. 125) in which the City Defendants seek dismissal of BWI's claims.

In sum, because the Court cannot conclude that BWI has willfully failed to engage in the litigation and, absent such a conclusion, entry of default (and by extension default judgment) are not proper, Defendants' Motion for Default Judgment (ECF No. 128) and Motion for Clerks Entry of Default Judgment (ECF No. 129) are DENIED.

**SO ORDERED** on November 4, 2025.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT