**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| BLACK & WHITE INVESTMENTS LLC, et al.,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>CITY OF FORT WAYNE, et al.,<br><br>Defendants/Counter-Claimants. | CASE NO. 1:21-CV-459-HAB-JEM |

**OPINION AND ORDER**

The matters before the Court are the Motion for Sanctions and Motion to Dismiss ("Motion for Sanctions") (ECF No. 125) and Motion for Attorney Fees (ECF No. 139) filed by Defendants and Counter-Claimants City of Fort Wayne and Lawrence Shine (collectively, the "City Parties"). Magistrate Judge John E. Martin issued a Report and Recommendation ("R&R") on the Motion for Sanctions recommending that the Court grant the Motion but with different sanctions than those requested (ECF No. 134). The two pending motions, as well as the R&R, are now fully briefed and ripe for review. For the below reasons, the Court overrules the Development Parties' objections and adopts the R&R in full.

## I. BACKGROUND

### A. Procedural History

Plaintiffs and Counter-Defendants Black & White Investments, LLC, BWI Development & Management, Inc., and Building & Impacting Communities, Inc. (collectively, the "Development Parties") filed their initial complaint in this case on December 9, 2021. (ECF No. 1). The operative complaint is the Development Parties' Fourth Amended Complaint, in which they bring claims for promissory estoppel and discrimination in violation of 42 U.S.C. § 1983

related to a parcel of land sought to be developed into a multi-family residential housing structure. (ECF No. 84). This matter is also pending on the City of Fort Wayne's counterclaim, which alleges breach of contract and indemnification against the Development Parties (ECF No. 89).

The scheduling order in place at the time the City Parties filed their motion for sanctions was issued on October 24, 2024 (ECF No. 115). On July 9, 2025, the City Parties filed a motion to compel the Development Parties to respond to the City Parties' request for supplementation of responses to certain requests for production. (ECF No. 117). The Development Parties did not respond to that motion, and the Magistrate Judge granted it on August 14, 2025, ordering the Development Parties to respond to the request by September 2, 2025, and to pay the City Parties' reasonable expenses incurred in bringing the motion to compel, an amount later determined to be $630.00. (ECF No. 120).

On October 14, 2025, the City Parties filed their motion for sanctions, in which they asked the Court to dismiss the Development Parties' complaint for failing to comply with the Court's orders and for failing to prosecute their claims.[1] (ECF No. 125). They also sought reasonable attorney fees for the preparing and filing of that motion. (*Id.*). The Development Parties filed a response in opposition (ECF No. 130), and the City Parties filed a reply (ECF No. 133). The Court issued an order referring the motion to Magistrate Judge Martin to review and issue a report and recommendation. (ECF No. 131). Magistrate Judge Martin issued his R&R on November 21, 2025 (ECF No. 134). The parties were given fourteen days to respond with any objections. (*Id.*).

[1] The City Parties separately filed a Motion for Default Judgment against the Development Parties on the counterclaims brought by the City of Fort Wayne. (ECF No. 128). The Court denied that motion on November 4, 2025 (ECF No. 132).

In response to the R&R, which recommended the Court award the City Parties reasonable expenses incurred in litigating the motion for sanctions, the City Parties filed a Motion for Attorney Fees. (ECF No. 139).

After the Magistrate Judge issued his R&R but before any objections were filed, the Development Parties filed a motion requesting an extension of time to respond to the R&R as well as extension of the discovery and dispositive motion deadlines. (ECF No. 135). Before the Court had addressed that motion, the attorneys for the Development Parties withdrew, leaving them without representation. (ECF Nos. 136-37). The case was stayed while the Development Parties sought new counsel. (ECF No. 149). The stay was lifted at a hearing on June 18, 2026, although discovery in this case remains stayed.[2] (ECF No. 151).

On July 23, 2026, the Magistrate Judge granted in part and denied in part the Development Parties' motion for an extension to object to the R&R and to complete discovery and file dispositive motions, allowing them until August 6, 2026, to file objections to the R&R and to respond to the related itemization of attorney fees but directing that discovery remains stayed. (ECF No. 159). The Development Parties filed their objections to the R&R on August 6, 2026.[3] (ECF No. 161). The City Parties timely responded, (ECF No. 167), and the R&R is ripe for review. For the below reasons, the Court overrules the Development Parties' objections and adopts the R&R in full.

[2] On July 9, 2026, after the Court lifted the stay, the City Parties filed a second motion for sanctions, including the sanction of dismissal (ECF No. 153). That motion has since been referred to the Magistrate Judge for a recommendation. (ECF No. 166).

[3] These objections were filed on the docket as a "Motion for Review of Magistrate Judge Decision," but are simply objections to the R&R. That "motion" is resolved by this order.

**B. The Magistrate Judge's Findings and Recommendation**

The motion for sanctions arose out of a discovery dispute between the parties, related to a prior motion to compel filed by the City Parties and granted by the court. *See* ECF Nos. 117, 120. In the motion for sanctions, the City Parties argued that sanctions were an appropriate response to the Development Parties' failure to comply with the Court's order granting the motion to compel as well as their failure to prosecute their claims more generally. In response, the Development Parties contended that they did appropriately respond to the supplemental requests and argued that the sanction of dismissal was unwarranted.

Upon reviewing the briefing and other materials presented by the parties, the Magistrate Judge found that, "[b]y any reasonable reading of the [City Parties' supplemental] requests, all of the Development Parties have failed to comply." (ECF No. 134 at 5). While the Development Parties stated in their response brief that they could produce additional documents, the Magistrate Judge concluded that it was "too late . . . to promise future compliance and imply that it is the City Parties' failure to pursue the matter that led to the current situation." (*Id.*).

However, after considering the prejudice to the City Parties occasioned by the incomplete discovery responses, the Magistrate Judge recommended that the Court impose a lesser sanction on the Development Parties than the requested dismissal of the Development Parties' claims, finding that lesser sanctions could adequately address that prejudice. (*Id.* at 6). Specifically, the Magistrate Judge recommended that the Court order that, for the purposes of this action:

1. It is taken as established that, when deciding to enter into the contract with the Development Parties, the City Parties relied upon the Development Parties' material misrepresentations of having a healthier financial status than they actually had and would not have entered into the contract absent those misrepresentations.

2. The Development Parties are prohibited from introducing evidence in opposition to any evidence introduced by the City Parties showing that subcontractors were not paid.

> 3. For purposes of seeking to pierce the corporate veil, of which absence of corporate records is a factor, *see Continental Cas. Co. v. Symons*, 817 F.3d 979, 993 (7th Cir. 2016) (quoting *Aronson v. Price*, 644 N.E.2D 864, 867 (Ind. 1994)), it is taken as established that no other financial records exist for these entities other than the documents that have been produced.

(*Id.*at 6).

The Magistrate Judge further recommended that the Court award the City Parties their reasonable expenses, including attorney fees, incurred in litigating the motion for sanctions, and ordered the City Parties to submit an itemization of those reasonable expenses. (*Id.* at 7-8).

## II. DISCUSSION

When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error in law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 760-61 (7th Cir. 2009). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739.

The Development Parties object to the R&R's first and third recommendations, arguing that they exceed the proper scope of a Rule 37(b) discovery sanction. (ECF No. 161 at 3-8). They also object to the R&R's recommendation that the City recover its reasonable expenses, including attorney fees, incurred in litigating the motion for sanctions. The City Parties disagree, arguing first that the Development Parties' objections are not timely and second that the recommended sanctions are proportionate and the award of reasonable expenses is appropriate.

**A. Timeliness**

The City Parties first argue that the Development Parties' objections are untimely. They argue that the objections should be overruled on that ground and that, as a result, the Court should review the R&R's conclusions under the clear error standard, as opposed to *de novo*.

It is true that Federal Rule of Civil Procedure 72(b)(2) provides that a party must object to a Magistrate Judge's recommendations within 14 days of being served with the recommendations. The R&R was issued on November 21, 2025, and the Development Parties did not file their objections until August 6, 2026. The City Parties argue that the Development Parties "have no excuse for their failure," as "[t]hey were represented by counsel when the R&R was initially issued." (ECF No. 168 at 4).

The Court agrees that the Development Parties failed to file timely objections, as their objections were due on December 5, 2025, and they did not file their motion for an extension of time in which to file their objections until December 9, 2025. (ECF No. 135). Their counsel did not file their motion to withdraw until December 12, 2025. (ECF No. 136). Regardless, the Court did enter an order on July 23, 2026, after the Development Parties found new counsel and after the stay on the case was lifted, granting the extension motion and allowing the Development Parties until August 6, 2026 to object to the R&R. (ECF No. 159). Because the Development Parties filed their objections by the new, Court-imposed deadline of August 6, 2026, the Court considers them timely and will consider them on their merits.

**B. Merits**

The Development Parties object to two of the recommended sanctions as well as to the award to the City Parties of reasonable expenses. The Court considers the objections to the sanctions first and then turns to the objections to the expenses award.

**1. Sanctions**

A federal court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process, including the particularly severe sanction of dismissal." *Abner v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (internal quotation marks omitted). Federal Rule of Civil Procedure 37(b) provides for the imposition of sanctions against a party who fails to make discovery or to obey a discovery order. The rule explicitly allows for sanctions in the form of "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "dismissing the action or proceeding in whole or in part," or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Further, discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996).

The Development Parties argue that the Magistrate Judge's first and third recommended sanctions are disproportionate to the alleged discovery violations, and that the Court should deny to adopt them on that ground. As support, they cite the Seventh Circuit's opinion in *Melendez v. Illinois Bell Telephone Company* for its direction that District Courts "may only impose sanctions that are 'just,' that is, proportionate to the circumstances surrounding a party's failure to comply with discovery rules." 79 F.3d at 672 (7th Cir. 1996).

While it is true that Seventh Circuit has given that direction, as the City Parties note, the facts in *Melendez* do not particularly help the Development Parties' case. In *Melendez,* the district court had barred a party's sole expert witness from testifying as a sanction for the party's failure to properly respond to discovery requests. *Id.* at 666-67. The appeals court upheld the sanction, despite the party's assertion that the sanction was impermissibly "draconian" and could be equated with entry of default judgment against the sanctioned party. *Id.* at 671-72. While acknowledging the severity of the sanctions imposed by the district court, the appeals court found that the district court did not abuse its discretion in issuing the sanction, considering the procedural history of the case as well as the prejudice suffered by the plaintiff. *Id.* at 672.

The Court finds that the sanctions here are similarly proportionate to the discovery violation committed. The Magistrate Judge noted in the R&R that all three of the Development parties "submitted incomplete tax return records, and two parties submitted incomplete financial records in the form of profit/loss and balance sheets for only part of the requested time period while the third party submitted no financial records at all." (ECF No. 134 at 5). When determining the appropriate sanction, the Magistrate Judge specifically considered the prejudice suffered by the City Parties by this failure to comply with discovery and tailored the recommendations to match that prejudice—ultimately recommending a less severe sanction than that proposed by the City Parties. The Court agrees with the Magistrate Judge that the missing information is directly related to—and required for—the City Parties' claims that the Development Parties misrepresented their financial status as well as the City Parties' attempts to pierce the corporate veil. The Development Parties include no additional case law to support their contention that the proposed sanctions are disproportionate to the discovery violations in this case.

The Development Parties next argue that the R&R's first and third recommended sanctions do not constitute the least drastic alternative reasonably available to cure the city's prejudice. The Seventh Circuit requires District Courts to "consider less severe sanctions than dismissal for a party's noncompliance with court orders or failure to prosecute his or her claim expeditiously, unless there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Lowe v. City of E. Chicago*, 897 F.2d 272, 274 (7th Cir. 1990) (internal quotation marks omitted). The Magistrate Judge found that the City Parties were prejudiced because they needed the missing information (1) to determine whether the Development Parties misrepresented their financial status, (2) to determine whether subcontractors were paid, and (3) to determine if they can pierce the corporate veil. (ECF No. 134 at 6). The Development Parties argue that those needs could be addressed by narrower sanctions, such as "permitting the fact-finder to draw an adverse inference from the incomplete production, or precluding the Development Parties from affirmatively arguing that their financial condition was healthier than the produced records show, without conclusively deciding the disputed misrepresentation and reliance questions outright." (ECF No. 161 at 4-5).

But *Lowe* only applies in situations in which the sanction is dismissal. Where the sanction falls short of dismissal, in fact, district courts are "*not* require[d] to select the least drastic or most reasonable sanction." *See Melendez*, 79 F.3d at 672 (emphasis added). Here, while the City Parties requested a sanction of dismissal, the Magistrate Judge recommended a less severe sanction—thereby satisfying *Lowe*'s instruction. As the Court concluded above, the Magistrate Judge's proposed sanctions are relevant and proportionate to the discovery violations committed. Within that constraint, the Court has discretion to impose Rule 37(b) sanctions. *See United Consumers Club, Inc. v. Prime Time Marketing Mgmt. Inc.* 271 F.R.D. 487, 501-502 (N.D. Ind. 16, 2010).

In a related argument, the Development Parties argue that their discovery efforts, while incomplete, were substantial and made in good faith, which weighs against the imposition of such severe sanctions. The Development Parties contend that they produced approximately 500 pages of supplemental discovery in response to the Court's August 14, 2025, order on the City Parties' motion to compel, including numerous tax returns and profit and loss and balance sheets. While they acknowledge that the production was incomplete, as no bank statements were produced and the tax-return production did not cover all seven requested years for every entity, "partial, good-faith, ultimately insufficient compliance is meaningfully different from" the "clear record of delay or contumacious conduct" or demonstration "that less drastic sanctions have proven ineffective" that *Lowe* states would warrant a sanction of dismissal. (ECF No. 161 at 5). The Development Parties further point to their willingness to supplement further, as expressed in response to the initial motion for sanctions.

But as addressed above, the *Lowe* standard is not applicable here, where dismissal is not the recommended sanction. Further, the Court does not agree with the Development Parties' characterization of their discovery conduct as "partial, good faith, [but] ultimately insufficient." As the Magistrate Judge noted in the R&R, the initial discovery requests were made on March 21, 2025. *See* ECF No. 134 at 5. The Development Parties did not respond to those requests or the motion compelling responses to them. (*Id.*). After the Court ordered additional discovery turned over, the Development Parties made an incomplete production. (*Id.*). When counsel for the City Parties emailed counsel for the Development Parties after receiving the incomplete production, inquiring whether bank statements would be forthcoming, counsel for the Development Parties failed to either produce those statements or to respond to the email in the almost two months between the email and the filing of the City Parties' reply brief. This is not a situation in which a

party made a one-time, inadvertently incomplete production. As the Magistrate Judge stated in the R&R, "[t]he City Parties made it clear, before the filing of the instant motion, that they wished to see more documents, and the Development Parties did not deliver." (*Id.* at 5).

Specifically regarding the third recommended sanction—deeming as established, for purposes of seeking to pierce the corporate veil, that no other financial records exist for the relevant entities other than the documents that have been produced—the Development Parties argue that it impermissibly "goes further than remedying the discovery record." (ECF No. 161 at 6). They state that "[p]iercing the corporate veil under Indiana law requires the party seeking to disregard the corporate form to prove that it 'was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice,' assessed against a multi-factor test that includes undercapitalization, commingling of assets, fraudulent representations, and failure to observe corporate formalities, among others." *Id.* (quoting *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994)). They emphasize that this is "a substantive equitable determination" and argue that adopting the Magistrate Judge's third recommendation "would convert a dispute over the completeness of a document production into an unreviewable predicate for personal liability." (*Id.* at 7).

The Court is not persuaded. The Development Parties had months' worth of notice that the City Parties sought these financial documents—and ample opportunity to provide them, including in response to not only a motion to compel, but also to a Court order directing supplemental responses. The proposed sanction directly, proportionately, and appropriately addresses the Development Parties' continued failure to provide the records sought by officially establishing the records produced by the Development Parties to be the only documents in existence. Further, while the absence of any additional financial records may well have severe consequences for the

Development Parties' defense against attempts by the City Parties to pierce the corporate veil, it is far from clear to the Court that this absence would be dispositive on the issue.

Finally, the Development Parties contend that the recommended sanctions "function[], in practical effect, as a dispositive ruling on contested claims" and argue that they lacked the notice required to satisfy their due process rights. (ECF No. 161 at 7). They cite *Littler v. Martinez*, an opinion from another District Court in this Circuit, for the proposition that due process requires notice of "the possible sanction" and "an opportunity to be heard" before it is imposed. (ECF No. 161 at 7 (citing 2020 WL 42776, at *36 (S.D. Ind. Jan 3, 2020)). The Development Parties acknowledge that they had notice of the City Parties' motion for sanctions—including the request for dismissal of the case—and had an opportunity to respond to it. Rather, they argue that they lacked notice of the specific "conclusive, case-dispositive finding on the ultimate elements of an unpleaded fraud claim, and a predicate finding for piercing the corporate veil, was a possible outcome of an incomplete document production, as opposed to a more conventional discovery remedy such as a further production deadline, cost-shifting, or a narrower evidentiary preclusion." (ECF No. 161 at 7-8).

The Court finds that the City Parties' motion gave the Development Parties sufficient notice. In *Littler*, the Court ordered sanctions under Rule 37 against certain defendants. 2020 WL 42776, at *35-36. These defendants argue that their due process rights were violated by the sanctions order, as the plaintiff had not filed a motion seeking these sanctions, but rather sought sanctions through a post-hearing brief. *Id.* at *36. The court found that the defendants had sufficient notice of the possibility of sanctions even without a motion having been filed, as the defendants had "'an opportunity to be heard,' which is all due process requires." *Id.* at 37 (quoting *Marjal v. City of Chicago*, 774 f.3d 419, 422 (7th Cir. 2016)). The Court finds that the City Parties had

sufficient "opportunity to be heard" here. They were on notice that the City Parties sought sanctions, including the sanction of dismissal—which is more severe than the sanctions ultimately recommended by the Magistrate Judge—and had full opportunity to respond. The Development Parties have cited no case law to indicate that a Court need notify a party of the specifics of a potential sanction before ordering that sanction.

**2. Fees Award**

The Development Parties also object to the R&R's recommendation that the City recover its reasonable expenses, including attorney fees, incurred in litigating the motion for sanctions. The fees were recommended to be awarded pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), which provides that, instead of or in addition to sanctions imposed, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The Development Parties argue that their partial, good-faith production efforts constitute "substantial justification" for the incomplete compliance at issue. As explained above, the Court disagrees that the Development Parties' discovery history in this case rises to the level of a "good-faith" effort. The Development Parties have provided no additional explanation as to why their failure to comply with the discovery order was substantially justified. The Court overrules this objection and adopts the R&R's recommendation to award the City Parties their reasonable expenses, including attorney fees, incurred in litigating the motion for sanctions.

In the alternative, the Development Parties state that they "reserve and intend to exercise their right under the R&R's own procedure to respond to the City's itemization of expenses on both entitlement and reasonableness grounds, once that itemization has been reviewed." (ECF No.

161 at 8). The procedure set by the R&R regarding the award of expenses was to "order the City Parties to file an itemization of their expenses within two weeks of Judge Brady's order, with any response by the Development Parties (regarding the reasonableness of those expenses but not regarding the decision to award expenses) to follow two weeks later." (ECF No. 134 at 8). The City Parties did not wait until two weeks after an order on the R&R to submit their itemization of expenses, but rather submitted the itemization as a Motion for Attorney Fees on December 19, 2025 (ECF No. 139). The Development Parties did not respond to that itemization within two weeks, but because the Development Parties had filed a motion for an extension of time to respond to the R&R due to the need to find new counsel, and because the R&R set these deadlines off of an order by Judge Brady on the R&R, the Court finds the failure to respond at that time reasonable.

However, in its more recent order granting the Development Parties' motion for an extension to object to the R&R, the court specifically ordered the Development Parties to file any objection to the R&R <u>and</u> any response to the related itemization of attorney fees by August 6, 2026. (ECF No. 159). The Court was clear about this deadline, even providing the docket numbers to the filings that needed responses—ECF No. 134, the R&R; and ECF No. 139, the motion for attorney fees. This is also reflected in the docket entry text. The Development Parties filed their objection to the R&R but failed to provide any response to the itemization of attorney fees.

In the motion, the City Parties request payment of fees in the amount of $3,465.00, representing 9.9 attorney hours at $350 per hour. "Reasonable attorney fees under Rule 37 are calculated using the 'lodestar' method, which is a reasonable hourly rate multiplied by the hours reasonably expended." *L.H.H. ex rel. Hernandez v. Horten*, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015) (citing *Johnson v. GDR, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012)). After reviewing the itemization, and considering that the Development Parties filed no timely objection—as well

as the fact that $350 was the hourly rate sought and found reasonable when the Court approved a prior itemization of attorney fees in this case—the Court finds this request to be reasonable.

## III. CONCLUSION

For the above reasons, the Court:

1. ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 134);

2. GRANTS IN PART AND DENIES IN PART the Motion for Sanctions filed by the City Parties (ECF No. 125);

3. DENIES the First Motion for Review of Magistrate Judge Decision filed by the Development Parties (ECF No. 161);

4. DIRECTS that:

   - It is taken as established that, when deciding to enter into the contract with the Development Parties, the City Parties relied upon the Development Parties' material misrepresentations of having a healthier financial status than they actually had and would not have entered into the contract absent those misrepresentations.

   - The Development Parties are prohibited from introducing evidence in opposition to any evidence introduced by the City Parties showing that subcontractors were not paid.

   - For purposes of seeking to pierce the corporate veil, of which absence of corporate records is a factor, *see Continental Cas. Co. v. Symons*, 817 F.3d 979, 993-93 (7th Cir. 2016) (quoting *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994)), it is taken as established that no other financial records exist for these entities other than the documents that have been produced;

5. GRANTS the City Parties' Motion for Attorney Fees (ECF No. 139);

6. AWARDS to the City Parties and against the Development Parties their reasonable expenses, including attorney fees, incurred in litigating the motion for sanctions, and ORDERS the Development Parties to arrange for payment, within a reasonable time, of $3,465.00 to counsel for the City Parties.

**SO ORDERED** this 21st day of September 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT